UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                          )
                                               )   Case No. _____
                                               )      (NOTE:  If blank, Case No. will be
                                               )       on the Meeting of Creditors Notice)
                                               )
                                               )   **CHAPTER 13 PLAN DATED _____**
Debtor(s)                                      )   **MOTION TO VALUE COLLATERAL**
                                               )   **MOTION TO AVOID LIENS**
                                               )   **SECURED CLAIM AMOUNT LIMITED WITH CREDITOR CONSENT**
                                               [*MARK* above *IF* applicable]

1.  The debtor shall pay to the trustee (a) a periodic payment of $_____
    every_____(insert either month or
    quarter); (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee; (c) upon receipt by the debtor,
    all net tax refunds attributable to prepetition tax years and net tax refunds attributable to postpetition tax years (i.e., tax refunds not
    included on Schedule I, less tax paid by debtor for a deficiency shown on any tax return for that same tax year or tax paid by setoff by
    a tax agency for a postpetition tax year) received during:    The life of the plan, or    36 or    60 months from the date the first plan
    payment is due *(Check the applicable provision; if neither is checked, "for the life of the plan" applies)*; (d) a lump sum payment of
    $_____on or before _____(date); and (e)_____
    _____.
    Debtor acknowledges that if the debtor is ever more than 30 days delinquent on any payment due under section 1(a) of this plan, upon
    motion of the trustee granted by the court after appropriate notice, a wage deduction order to debtor's employer may be issued
    immediately.

2.  The trustee shall apply all funds received pursuant to pt. 1 as follows:
    (a)  First, to the trustee's commission and expenses.
    (b)  Second, with respect to secured creditors, the terms of the debtor's prepetition agreement with each secured creditor shall continue
         to apply, except as otherwise provided in this plan or in the confirmation order.  Secured creditors shall retain their liens until the
         payment of the underlying debt, determined under nonbankruptcy law, or discharge under §1328, as appropriate.  Any allowed
         secured claims will be paid as shown below.  Should the trustee not have sufficient funds in trust to pay fully the disbursements
         listed below, disbursements of funds available shall be made pro rata.

         (1)  If a creditor is not fully secured, the unsecured portion of the creditor's claim shall be treated under the provisions of pt. 2(e)
              and (f) if the claim identifies the priority position of the claim, and, if not, under the provisions of pt. 2(f) only.  HOWEVER, THE
              CLAIMS OF CREDITORS SECURED BY PURCHASE MONEY SECURITY INTERESTS IN (i) A MOTOR VEHICLE
              ACQUIRED FOR PERSONAL USE BY THE DEBTOR(S) WITHIN 910 DAYS PRECEDING THE FILING DATE OF THE
              PETITION, OR (ii) ANY OTHER PERSONAL PROPERTY COLLATERAL ACQUIRED WITHIN ONE (1) YEAR PRECEDING
              THE FILING DATE OF THE PETITION SHALL BE TREATED AS FULLY SECURED except as provided in pt. (b)(2) below,
              if applicable.  The following also apply:

              From the payments received pursuant to pt. 1, if a claim has been timely filed and allowed as secured, make payments to the
              following holders of such claims as detailed below.  ESTIMATED PREPETITION ARREARAGES, IF CURING AND
              REINSTATING, MUST BE SHOWN BELOW.  THE ARREARAGES SHOWN IN A TIMELY FILED AND ALLOWED SECURED
              CLAIM SHALL CONTROL.

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying Debt in Full | Post-confirmation Interest Rate | Equal Monthly Payments |
|----------|------------|-------------------------------|----------------------------------------|---------------------------------------------|--------------------------------|------------------------|
|          |            |                               |                                        |                                             |                                |                        |

**If the collateral is not to be sold, and the provisions in capital letters above governing claims of creditors with
purchase money security interests in personal property do not apply, the value of the collateral, where the debtor is
not paying the debt in full, shall be fixed in the amount stated above for purposes of administration of this plan as**

well as for purposes of determining the amount of any secured claim, if undersecured, unless objected to at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to any proposed modified plan, in which case the value will be determined by the court.  If the collateral is to be sold, the value shall be the sales price.  The debtor MOVES the court for an order so fixing the value of the collateral.  Otherwise, the creditor's proof of claim shall control.

**(2)  DEBTOR PROPOSES THAT THE CREDITOR(S) SPECIFICALLY IDENTIFIED BELOW AGREE TO THE FOLLOWING TREATMENT WHICH THE COURT MIGHT NOT BE ABLE TO APPROVE ABSENT CONSENT OF CREDITOR(S). FAILURE OF CREDITOR TO FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF THE PLAN.**

From the payments received pursuant to pt. 1, if a claim has been timely filed and allowed as secured, make payments to the following holders of such claims as detailed below.   ESTIMATED PREPETITION ARREARAGES, IF CURING AND REINSTATING, MUST BE SHOWN BELOW.

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying Debt in Full | Post-confirmation Interest Rate | Payment Provisions |
|----------|-----------|-------------------------------|----------------------------------------|---------------------------------------------|----------------------------------|--------------------|
|          |           |                               |                                        |                                             |                                  |                    |

**If the collateral is not to be sold, for purposes of administration of this plan and case, the secured claim shall be limited to the value of the collateral stated above unless creditor objects at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to any proposed modified plan, in which case the value will be determined by the court.  The debtor MOVES the court for an order so fixing the value of the collateral.  If the collateral is to be sold, the value shall be the sales price.**

(3)   Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for personal property secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid pre-confirmation.  If the debtor fails to make a monthly payment sufficient to pay the adequate protection payments in full, the trustee will disburse the funds pro rata according to the monthly payments proposed for those creditors.  Adequate protection payments paid through the trustee pre-confirmation will be deducted from the amount of the allowed claim.  Unless the concerned creditor is fully secured or oversecured for purposes of §506 or §1325(a)(9), no interest shall be paid from the date of the filing of the petition to the date of confirmation unless otherwise specifically provided for in the payment provisions set forth above.

(4)   Attorney Fees:  Original attorney fees are $_____; of which $_____remains unpaid.  Said fees are to be paid either:      From all available funds after pt. 2(b) payments are made; or      Other -

(5)   The debtor shall surrender any collateral not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following (i.e., state <u>creditor</u> NAME followed by DESCRIPTION of collateral to be surrendered):

(c)   Third, pro rata until fully paid, allowed unsecured domestic support obligations.
(d)   Fourth, allowed administrative expenses under §507(a)(2).
(e)   Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in §507(a)(3)-(10), including §1305 claims, unless otherwise ordered.
(f)   Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by §1325(b)(1).  These monies will be distributed in the method indicated in the section marked below [MARK ONLY **ONE**].  The terms of pt. 8 shall also apply.
  (1)   The creditors will receive approximately _____% of their claims.  Payment of any dividend will depend upon secured claims at the time of confirmation, the total amount of allowed claims, and the costs of administration, including all allowed attorneys' fees of the debtor.
  (2)   The creditors will receive a minimum _____% of their claims.  This percentage will not be reduced despite the amount of total creditors' claims filed.

(g) [Not Applicable if NA inserted in the blank] Pursuant to §1325(a)(4), the "best interest of creditors" number is determined to be $_____, and not less than that amount shall be distributed to unsecured creditors.

(h) [Not Applicable if NA is inserted in the blank] Pursuant to §1325(a)(4), all allowed unsecured claims shall receive interest of _____% from the time of confirmation.

3. The debtor ASSUMES the following executory contracts and leases:

Creditor                          Amount of Default [State if None]          Cure Provisions

Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under pt. 2(f). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are either fully secured or are secured only by a security interest in real property that is the debtor's principal residence, the regular payment due postpetition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in pt. 2(b), and/or specify any other treatment of such secured creditor(s) in an additional pt. at the end of this plan:

5. Subject to the provisions of §502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

6. (a) The debtor MOVES, pursuant to §522(f)(1)(A), to avoid the judicial liens of the following creditors because they impair an exemption(s) of the debtor:

   (b) The debtor MOVES, pursuant to §522(f)(1)(B), to avoid the non-purchase money security interests of the following creditors because they impair an exemption(s) of the debtor:

Absent objection from a creditor, filed prior to the first date set for the confirmation hearing on this plan, the order of confirmation will avoid its lien and its claim will be treated in pt. 2(f).

7. Except as otherwise provided herein, postpetition interest on all unsecured claims is disallowed. Interest continues to accrue on debts that are excepted from discharge.

8. [To be completed if plan will not be completed until more than 36 months after the first plan payment due under the originally filed plan.] The approximate length of the plan is _____ months; cause to extend longer than 36 months is as follows:

Except as otherwise explicitly provided by pt. _____, Debtor(s) shall make plan payments for 36 months, unless the debtor(s) pays 100% of all allowed claims with appropriate interest,except the plan payments shall continue for more than 36 months to the extent (1) the plan proposes a longer period, not to exceed 60 months, as necessary to complete required payments to creditors, or (2) §1322(d)/1325(b) requires plan payments for a longer period.

9. This plan may be altered postconfirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification and any interested party who has requested special notice.

10. Debtor(s) certifies that all postpetition domestic support obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing.

11. Debtor(s) further certifies that the petition was filed in good faith, and this plan was proposed in good faith and not by any means forbidden by law.

**12. Pursuant to §506, and within 60 days after confirmation, debtor will file an adversary proceeding or motion to avoid the junior lien held by R.J. Properties, LLC in the real property located at 1535 SE Pelton Court, Hillsboro, Oregon, 97123. Entry of the Order Confirming Plan is not res judicata with respect to this lien. Any Judgment or Order avoiding such lien shall be void and such lien shall be reinstated if the case is dismissed or converted and debtor does not receive a discharge pursuant to § 1328. If the lien creditor has filed a secured claim and the lien is avoided, the claim will be treated as an allowed unsecured claim.**

**13. Debtor intends to try and negotiate a loan modification with his mortgage holder JP Morgan Chase Bank. Debtor hopes to enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement provided that any loan modification of the mortgage obligation must be approved either by the Chapter 13 Trustee or the Court. Debtor will file an amended Plan within 60 days if the mortgage modification is approved. The amended Plan will remove the mortgage arrears payable to JP Morgan Chase Bank and will reflect the terms of the mortgage modification agreement. Debtor shall file amended Schedules I & J within 30 days if his mortgage loan modification is approved.**

**14. During the life of the plan debtor shall provide to the Trustee copies of quarterly IRS Form 1040ES, along with proof of payment. Copies shall be submitted to the Trustee within 30 days of filing with the IRS.**

| | |
|---|---|
| **/s/ Daniel L. Kinnersley** | **N/A** |
| DEBTOR | DEBTOR |

**IN ORDER TO ASSURE PROPER SERVICE ON ALL CREDITORS LISTED IN pts. 2(b)(1), 2(b)(2) OR 6 OF THE PLAN pursuant to FRBPs 3012, 4003(d), 9014 and 7004: (a) I LISTED ON THE MAILING MATRIX such creditors, other than insured depository institutions, in care of a person or entity authorized to be served; AND (b) I SERVED VIA CERTIFIED MAIL, ON 12/30/10, COPIES OF THIS PLAN ON any insured depository institution(s) affected by pts. 2(b)(1), 2(b)(2), or 6 of the Plan [FRBP 7004(h)]; AND (c) THE FOLLOWING LIST SEPARATELY IDENTIFIES all such creditors served via matrix listing and such creditors served via certified mail INCLUDING the names AND addresses of ALL such creditors served (NOTE: With respect to creditors served via matrix listing, the list of names and addresses IS IDENTICAL to that included in the matrix):**

**Creditors served via Matrix Listing:**

**Atlas Financial Services, c/o Ken Warnes, Authorized Rep., POB 1180, Vancouver, WA 98666**

**Santander Consumer USA Inc., c/o CT Corporation System, RA, 388 State Street, STE 420, Salem, OR 97301**

**Creditors served via Certified Mail:**

**JP Morgan Chase Bank, c/o Jamie Dimon, CEO, 270 Park Avenue, New York, NY 10017**

**/s/ Ted A. Troutman**
DEBTOR OR DEBTOR'S ATTORNEY